UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATE OF AMERICA,

        -against-                                  AFFIRMATION
                                                07 CR. 735 (LAK)

**PETER FOREMAN,**

                           Defendant.

------------------------------X

       **MARK B. GOMBINER** declares under penalties of perjury, pursuant to 28 U.S.C. Sec. 1746:

       1. I am an associate attorney with the Federal Defenders of New York and have been assigned to represent Peter Foreman in the above-captioned matter. I make this affidavit in support of a motion to suppress evidence seized from Mr. Foreman on April 21, 2007.

       2. Mr. Foreman has been indicted on charges of being a felon in possession of a weapon in violation of Title 18, U.S.C. Sec. 922(g).

       3. According to the complaint filed in this case by Jason O'Neill,, a Detective with the New York City Police Department, a gun and ammunition were seized from Mr. Foreman by New York City police officers on the evening of April 21, 2007. The complaint alleges that police officers claim to have observed Mr. Foreman walking on the Grand Concourse in the Bronx with a "stiff left arm." Complaint, paragraph 1©. Mr. Foreman was searched after a police allegedly engaged him in conversation and saw "begin to push something that had been lodged in his waistband toward the inside of his jeans." Complaint, paragraph 2(g) and 3(a).

5. Mr. Foreman has filed an affidavit in connection with this motion that recounts the circumstances surrounding the seizure of the gun.

6. Mr. Foreman denies that he was walking with a "stiff left arm." He further states that he was not doing anything illegal or suspicious at the time the police officers stopped and searched him.

7. The Fourth Amendment prohibits police officers from searching and seizing an individual without a warrant unless they have probable cause to believe that he has committed a crime. Katz v. United States, 389 U.S. 347, 356 (1967). Nor, may the police effect even a brief "stop and frisk" of an individual absent "reasonable suspicion" supported by specific and articulable facts that the person is or is about to be engaged in criminal activity. Terry v. Ohio, 392 U.S. 1, 19-21 (1968); United States v. Sokolow, 490 U.S. 1, 7 (1989). The annexed affidavit of Mr. Foreman demonstrates that the search and seizure of Mr. Foreman was not supported by either probable cause or reasonable suspicion. Indeed, there was not probable cause or reasonable suspicion to search Mr. Foreman even if the facts alleged in the criminal complaint are deemed to be true. An evidentiary hearing is required because the disputed facts raise a genuine issue of fact as to whether the police officers who searched and seized Mr. Foreman had either reasonable suspicion and/or probable cause to conduct either an investigatory detention and/or an arrest of him.

9. For the foregoing reasons, any evidence seized from Mr. Foreman on April 21, 2007 should be suppressed because it was obtained in violation of his rights under the United States Constitution. In the alternative, the Court should order a hearing on the motion to suppress evidence.

Dated: New York, New York
September 17, 2007

_____
**MARK B. GOMBINER**