UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                   07 Crim. 0735 (LAK)

PETER FOREMAN,

        Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/08

LEWIS A. KAPLAN, *District Judge.*

      Defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The charge arises as a result of his having been stopped by police officers and found in possession of a weapon. This is the Court's decision, following an evidentiary hearing, on defendant's motion to suppress the gun.

      Defendant argues that "[t]his is not a close case." I agree, but not with defendant's proffered conclusion.

      On the evening of April 21, 2007, three NYPD officers were parked on the Grand Concourse south of Field Place, a high crime area in the 46th Precinct. One, Lieutenant McMahon, noticed the defendant and another individual crossing the Concourse toward the side on which the police were parked. He observed something unusual about defendant's demeanor and so watched him. Defendant walked with a stiff gait and held his left arm in a manner that suggested that he was guarding something. As defendant reached the east side of the Concourse, McMahon thought that defendant might have been "protecting something in his waist."

      Defendant and his companion walked east on Field Place. The police followed in their car. Officer Tosado observed defendant from behind and saw that his elbow moved as if defendant were adjusting something in his left waist area. The police car then speeded up, passed the defendant, and turned catty-corner across the corner of Field Place and Ryer Avenue in order to get a better view of the defendant. One of the officers asked the defendant and his companion a question. Defendant appeared nervous and answered in a dismissive manner. He sought also to turn the left side of his body away from the officers and quickened his pace. He also reached his left hand toward the area that the officers had watched him protect or favor   the area of his belt on the left side.

At that point, McMahon concluded that defendant was grabbing for something. Officer Tosado said that it appeared to the officers than defendant "had a weapon on him." Two of the officers jumped out of the car and approached defendant. One of them stopped and frisked him and recovered the gun.

To be sure, the defendant had a somewhat different story, but I credit the officers and do not credit the defendant.

Police officers are entitled to stop individuals based on a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 418 (1981). While defendant argues that the his grabbing or protecting something in his waist band does not amount to a sufficient basis for the stop, there was far more here. Defendant initially was observed walking in an unusual manner and appearing to guard something in his waistband. This continued as he proceeded onto Field Place. When he was hailed by the police, he grabbed at and sought to turn his body in a manner evidently designed to conceal whatever was in his left waistband area. Any objective observer would be justified in regarding defendant's behavior, particularly in the area in which the events took place, as giving rise to a reasonable suspicion that the defendant possessed a firearm or contraband of some sort. So the stop was entirely justified. And this fact leads inevitably to the conclusion that the officers were entitled to conduct a protective frisk to determine whether defendant was armed. *E.g., Adams v. Williams*, 407 U.S. 143, 149 (1972).

Defendant's argument that Lieutenant McMahon never testified in so many words that he thought the defendant had a gun does not carry the day. For one thing, it ignores the testimony of Officer Tosado, who testified that the officers thought defendant had a weapon. For another, defendant's implicit argument – that a *Terry* stop is unlawful, despite the presence of a particularized and objective basis for suspecting criminal activity, if the officers did not specifically "connect the dots" to draw the objectively justifiable conclusion – is unpersuasive. The question here is whether the stop and frisk were objectively reasonable, not whether Lieutenant McMahon expressed himself elegantly.

Accordingly, the motion to suppress is denied. The foregoing constitute the Court's findings of fact and conclusions of law.

SO ORDERED.

Dated:     January 4, 2008

_____
Lewis A. Kaplan
United States District Judge